■ In the Matter of the CITY OF ROCHESTER, Appellant, Relative To Acquiring Title to Property for an Urban Renewal Project in the Front Street Area Known as GENESEE CROSSROADS. ESDOMAR REALTY, INC., Respondent —

Judgment unanimously modified on the law and the facts by reducing the amount of the award from $111,640 to $100,354 and by reducing the extra allowance to respondent from $5,582 to $5,017.70, and as so modified affirmed without costs. Memorandum: The trial court erroneously allowed $26,000 for respondent's building. The highest amount allowable on the evidence was $20,500. The award should, therefore, be reduced by the amount of $5,500. The trial court also erroneously allowed $14,000 for fixtures which had been installed 20 years before the appropriation. The amount was based on replacement cost of $19,164 depreciated 25% thereby attributing an economic life of 80 years to the fixtures. The building was given an economic life of 15 years from the appropriation date. The economic life of the fixtures could not extend beyond the economic life of the structure with which they were in permanent conjunctive use. (*Matter of City of New York* [*Maxwell*], 15 A D 2d 153, 175, affd. 12 N Y 2d 1086; *Matter of City of New York* [*Harlem Riv. Houses — New Colonial Ice Co.*], 22 A D 2d 882, 883.) The total useful life of the fixtures could not exceed 35 years from 1946 when they were installed. Their value at the time of the 1966 appropriation was therefore, 15/35th of $19,164 or $8,214. The award should, therefore, be reduced by $5,500 to reflect an award of $20,500 for the building and by $5,786 to reflect an award of $8,214 for the fixtures making the total award $100,354. The extra allowance should be reduced to 5% of this amount making it $5,017.70. (Appeal from judgment of Monroe Trial Term in condemnation proceeding.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.